DETERMINED IN

# THE SUPREME COURT,

55 483
82 308
55 483
145 767

## JULY SESSION, 1880.

[No. 7,202.—Department No. 1.]

### BERRYMAN *v.* PERKINS, GOVERNOR, ETC.

CONSTRUCTION OF STATUTE — MANDAMUS — UNIVERSITY — ASYLUM FOR THE DEAF, DUMB, AND BLIND.—Under the fourth section of the Act of April 1st, 1876, (cited in the opinion) "to provide for a supply of water for the University and for the Asylum for the Deaf, Dumb, and Blind," the power to approve or disapprove of the appraisal, made under the act, is vested in the Governor, and his discretion in the matter cannot be controlled by mandamus.

MOTION to dismiss an application for a writ of mandamus to George C. Perkins, Governor of the State of California, to compel him to make and file a certificate approving a valuation of certain springs, etc., made by the Superior Court of Alameda County, under the Act of April 1st, 1876, cited in the opinion.

*Attorney-General,* and *John B. Mhoon,* for the motion.

The decree under the act is inoperative until the "written certificate by the Governor approving the valuation" has been filed in the action. The act of approving the valuation necessarily involves an examination of the subject, and the exercise of official judgment and discretion; and the rule is universal, that in such cases mandamus will not lie. (Code Civ. Proc. §

[ 483 ]

1085; High's Ext. Leg. Rem, §§ 42–3; Moses on Mandamus, 82; *Middleton* v. *Low*, 30 Cal. 596; *McDougall* v. *Bell*, 4 id. 177; *Tilden* v. *Sacramento Co.* 41 id. 68; *Harpending* v. *Haight*, 39 id. 208; *U. S.* v. *Seaman*, 17 How. 225; Wood on Mandamus,. 65; *Queen* v. *Kensington*, 12 Q. B. 654.)

*W. W. Cope*, and *Wm. M. Pierson, contra.*

The intention of the Legislature was, that the Governor should authenticate in some official way the award made by the decree, so as to furnish to the Controller the executive audit for the drawing of the warrant. Without some such provision the Controller could have no official knowledge of any demand against the State. At most, the Governor had only the power to examine the *mode* of proceeding for the purpose of ascertaining if that proceeding had been conducted as required by the act. (*Koppikus* v. *The State Capitol Commissioners*, 16 Cal. 255; *Stockton R. R. Co.* v. *Stockton*, 51 id. 328; *People* v. *Supervisors of Alameda Co.* 45 id. 395; *People* v. *Supervisors of San Luis Obispo Co.* 50 id. 561; *Village of Glenco* v. *The People*, 78 Ill. 382.)

McKINSTRY, J.:

The fourth section of the Act of April 1st, 1876, "to provide for a supply of water for the University and for the Asylum for the Deaf, Dumb, and Blind," (Stat. 1875–6, p. 316) authorizes the Controller to draw his warrants for the appraised value of property sought to be condemned—"upon a judgment being rendered for the condemnation of said springs and lands and right of way, and appraising the value thereof, *and upon the filing in said proceeding of a written certificate of the Governor appraising such valuation.*"

The statute requires, as conditions precedent to the taking of the land and water for public uses, not only that the land shall be appraised by the Superior Court, a jury, or commissioners, but also that such appraisal shall be approved by the Governor. Until he shall concur with the appraisal, the condemnation cannot be made operative. This necessarily involves an inquiry and ascertainment of the actual value of the property, and the

employment of judgment and discretion on the part of the Governor. The power to determine whether the appraisal is correct is his, and we cannot deprive him of his discretion or adjudicate the value for him. In all matters resting in the sound discretion of the person to whom a duty is confided by law, mandamus will not lie to control the discretion or determine the decision which is to be made. (High's Ex. Rem. 42; Moses on Mandamus, 82; *Harpending* v. *Haight*, 39 Cal. 208.)

It is not necessary to inquire whether the Governor might be compelled to make inquiry in respect to the value of the property—if it should be made to appear that he had refused to make such inquiry. The application here is, that he be compelled to issue his certificate *approving* the valuation.

Ross, J., and THORNTON, J., concurred.

[By agreement between McKEE, J., and THORNTON, J., the latter acted for the former in this case.]