[No. 11032.    Department Two. — June 15, 1888.]

JOSEPH SCHEERER, RESPONDENT, v. WILLIAM M. EDGAR, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

MANDAMUS. — ASSIGNMENT OF JUDGMENT — COUNTY WARRANT — DUTY OF AUDITOR. — The auditor of the city and county of San Francisco can only draw his warrant in satisfaction of a judgment against the city and county in favor of the person to whom the board of supervisors have ordered the judgment to be paid; and if they have ordered it paid to the plaintiff, and the warrant has been drawn in his favor by the auditor, though after notice of an assignment of the judgment, the only remedy of the assignee is to compel a transfer of the warrant, and he cannot obtain a writ of mandate to compel the auditor to draw a warrant in his favor. The auditor may refuse to draw an illegal warrant, but cannot substitute his own affirmative action for that of the board.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco and from an order refusing a new trial.

The facts are stated in the opinion.

*George Flournoy, Jr.,* for Appellant.

*George E. Lawrence,* for Respondent.

FOOTE, C. — This is an action instituted for the purpose of compelling, by a writ of mandate, the auditor of the city and county of San Francisco to draw his warrant on the treasurer in favor of the assignee of a plaintiff who had obtained a final judgment for a sum of money against said city and county.

It appears that Paul Friedhofer was the plaintiff for whom the judgment was rendered; that before the auditor drew his warrant on the treasurer, the judgment had been assigned by Friedhofer to the petitioner in this action; that the auditor had notice of the assignment, but drew the warrant in favor of Friedhofer, the person ordered paid by the board of supervisors.

The court below gave judgment in accordance with the prayer of the petitioner, and from that and an order denying a new trial this appeal is taken.

The authority of the auditor to draw his warrant on the treasurer for the payment of a final judgment against the city and county depends upon section 2 of an act approved April 23, 1858, to be found on page 42 of Worley's compilation of the consolidation and other acts relating to the government of the city and county of San Francisco, which is as follows: —

"Sec. 2. The auditor of said city and county is hereby authorized to audit . . . . any and all sums that may be allowed and ordered paid by said board of supervisors by authority of this act."

Another part of this act gives the board power to

"order paid any final judgment against said city and county."

It is unnecessary to discuss here the question as to whether that act has been so amended as that such judgments must be paid out of the general rather than the surplus fund.   The order made by the board for the auditing and payment of the judgment in controversy is in this language: —

"Authorization No. 3496. — *Resolved*, That an expenditure of two thousand and forty-nine 47-100 ($2,049.47) dollars be and the same is hereby authorized to be made out of the general fund *in payment to Paul Friedhofer* in satisfaction of judgment rendered for plaintiff and against the defendant in the suit of *Paul Friedhofer* v. *The City and County of San Francisco,* in the superior court, department 3, for the sum of $1,756, with costs and interest, as follows:—

| | | |
|---|---:|---:|
| Judgment | $1,756 | 00 |
| Costs | 241 | 05 |
| Interest four and one half months, at seven per cent per annum | 52 | 42 |
| Total | $2,049 | 47" |

Admit that the auditor had notice that the judgment upon which this authorization was issued had been assigned to the plaintiff before he drew his warrant for the payment of it to Paul Friedhofer, and then the question presents itself, Did he then have, or has his successor now, any right under the law to recognize any one as entitled to have him draw a warrant in his or her favor, except the person or persons specified in the order made by the board?   If the auditor, as we think is here shown by the complaint and the findings, drew the warrant as he was authorized under the order of the board to do, and the person there nominated as the one entitled to it received it, is not his duty as a ministerial officer performed?

It can be readily perceived that it will sometimes occur that the auditor may be entirely justified in refusing to draw warrants as ordered by the board. But while his right to disobey an illegal order may properly exist, and can be exercised, it would seem to be beyond his power to substitute his own affirmative action for that of the board as to matters within their jurisdiction.

He can refuse to draw a warrant; but, as it seems to us, he cannot go further and draw his warrant in favor of some other person than the one whom the board has ordered to be paid.

In this case, the course of the auditor in making his warrant payable to Friedhofer was proper, notwithstanding the assignment, because the judgment was payable to him, and the order of the board of supervisors directed that the amount should be so paid. Having drawn a proper warrant, the duty of the auditor was ended, and he cannot be compelled to draw a second warrant, still less to draw one in favor of a party who is not entitled to it under the order of the board.

The assignment of the judgment gave to the plaintiff the right to the warrant when it was drawn, and to compel Friedhofer to execute a proper transfer thereof to him, if he refused to do so, but it did not give him the right to compel the auditor to draw a warrant not authorized by law.

We therefore advise that the judgment and order be reversed and the writ denied.

HAYNE, C., concurred.

BELCHER, C. C., did not participate in this opinion.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are reversed and the writ denied.