CAHILL v. COLGAN, State Controller.

No. 14,836; November 22, 1892.

31 Pac. 614.

**State—Approval of Claims—Change in Examiners.**—Where the state board of examiners have approved a claim, a subsequent change in the members of the board will not necessitate an approval by the new board to make the claim effective, the board being, in contemplation of law, the same board.

**State—Approval of Claims—Drawing Warrant.**—Political Code, section 672, provides that the state controller shall not draw his warrant for any claim unless it has been approved by the board of examiners, or has been "exempted" from the operation of this section. Held, that when a claim has been approved by the board, no exemp-

tion from the operation of this section need be shown to authorize
⸴the controller to draw his warrant for it.

State—Claims—Appropriation to Pay.—Where a Petition Re-
cites that a claim was presented to the board of examiners, approved
as chargeable to the state for expenses in a suit in which the state
was a party in interest, transmitted with such approval to the legis-
lature, and that the legislature appropriated money "to pay said
claim" under an act entitled "An act making an appropriation to pay
costs and expenses of suits in which the state is a party in interest,"
and authorized the controller to draw his warrant for the amount
appropriated, such a recital sufficiently identifies the claim as the
one for which the appropriation was made.

State—Claims—Action to Enforce.—Where, in a Petition for a
claim which has been approved by the board of examiners the peti-
tion states that the amount and "value" of such services was $504,
the word "value" is surplusage, and requires no proof.

State — Claims — Validity.—The Approval of a Claim by the
board of examiners, and an appropriation of money to pay it by the
legislature, is conclusive as to the validity of the claim as against
the controller.[1]

Judgment—Presumption as to Sufficiency of Evidence.—Where
a judgment contained the recital that it "duly appeared" to the court
that the prayer should be granted, the presumption is that the court
had sufficient evidence to justify the judgment.

APPEAL from Superior Court, Sacramento County; Van
Fleet, Judge.

Application by P. H. Cahill for a writ of mandate to E. P.
Colgan, as state controller, commanding him to draw his
warrant on the state treasurer in favor of plaintiff for $504.
From a judgment awarding a peremptory writ, defendant
appeals. Affirmed.

---

[1] Cited in Burns v. Superior Court, 140 Cal. 12, 73 Pac. 602, as an
instance of the authority the legislature has to vest some powers of a
quasi-judicial character in ministerial officers.

Cited in Sullivan v. Gage, 145 Cal. 766, 79 Pac. 540, as showing,
apart from such exceptional cases as illustrated by Lawrence v. Booth,
46 Cal. 187, "that the state board of examiners does exercise, in the
generality of cases, discretionary and judicial action, making their ac-
ceptance or rejection of a claim not only final but free from collateral
attack."

Cited in Chapman v. State, 104 Cal. 697, 43 Am. St. Rep. 158, 38
Pac. 459, and said there not to be authority for the proposition that
the rejection of the claim by the state board of examiners has the
effect of a judgment, thereby barring an action by the claimant.

Attorney General Hart for appellant; J. C. Campbell and A. J. & Elwood Bruner for respondent.

VANCLIEF, C.—The court overruled a general and special demurrer to the petition for the writ, and thereupon the defendant answered. The court then sustained a general demurrer to the answer, and, defendant declining to amend his answer, judgment awarding a peremptory writ, as prayed for, was rendered. The defendant appeals from the judgment on the judgment-roll, and contends that the court erred in overruling defendant's demurrer to the petition, and also in sustaining plaintiff's demurrer to the answer.

The substance of the petition is as follows: That in July, 1889, the people of the state, by the attorney general, commenced an action in the superior court of San Francisco against the American Sugar Refinery Company, a corporation, to dissolve said corporation, and to recover a penalty, in which, on January 1, 1890, a judgment was rendered in favor of the people dissolving the corporation, and for a penalty or fine of $5,000 and costs. That on February 1, 1890, the plaintiff in said action applied to the court in which said judgment had been rendered for the appointment of a receiver in said action, to take charge of all the property of the defendant corporation. That upon such application a receiver was appointed, who duly qualified and took possession of all the property of the corporation defendant. That the petitioner herein rendered services for the plaintiff in that action in caring for said property while in the custody of said receiver, of the value of $504, which has not been paid; and that on July 7, 1890, petitioner filed his claim for said sum with the state board of examiners of the state of California in the words and figures following:

"State of California,
City and County of San Francisco,—ss.

"P. H. Cahill, being duly sworn, deposes and says: I was employed by the receiver of the American Sugar Refinery Company in that certain action entitled The People of the State of California vs. The American Sugar Refinery Company, a corporation, then pending in the superior court of San Francisco, on the seventeenth day of February, 1890, as

watchman at the American Sugar Refinery, owned by said defendant corporation of this state, then in the hands of a receiver. That I worked from the eighteenth day of February, 1890, up to and including the ninth day of June, 1890, a total of one hundred and thirteen days, at the price of $5 per day, for which said work there is now due me the sum of $504, after deducting all payments made. That the work was faithfully performed in good faith, and that the sum of $504 is now due and owing me.

"P. H. CAHILL.

"Subscribed and sworn to before me this seventh day of June, 1890.

"DANIEL HANLON,
"Notary Public."

That said board of examiners duly examined said claim and approved the same, and attached thereto the following certificate:

"Form No. 126.
"Office of State Board of Examiners.
"Sacramento, ———, 1890.

"The annexed claim for $504, presented by P. H. Cahill for labor, is hereby approved by the state board of examiners for the sum of $504, chargeable to the appropriation for costs and expenses of suits in which the state is a party, in interest, forty-first fiscal year, now exhausted, and, by virtue of the authority conferred upon this board by section 663 of the Political Code, do hereby transmit this claim to the honorable senate and assembly of the state of California, in the twenty-ninth session convened, with this statement of approval, and the recommendation that an appropriation be made to pay the same.

"R. W. WATERMAN,
"Governor.
"W. C. HENDRICKS,
"Secr'y of State.
"G. A. JOHNSON,
"Attorney General, State Board of Examiners."

That on April 6, 1891, the legislature passed an act appropriating money to pay said claim, and others of like

nature, and the money is in the treasury of the state, subject to the payment of said claim. That on May 8, 1891, the petitioner presented said claim, together with the allowance and approval of the state board of examiners aforesaid, and the said act of the legislature, to E. P. Colgan, controller aforesaid, and requested and demanded that he draw his warrant on the treasurer for the same, and that he then refused and still refuses, to draw any warrant for the payment of said claim, or any part thereof.

The answer of the defendant denies that there was any judgment for costs in the suit of the people against the American Sugar Refinery Company; denies that the plaintiff in the last-mentioned action, by its attorneys, or either of them, applied to the superior court for the appointment of a receiver, but admits that a receiver was appointed in said action by the judge of said court; denies that the petitioner Cahill rendered services for the people of the state in said cause, and avers that whatever services he rendered were rendered to the receiver appointed in said cause, and were not worth more than three dollars per day; denies that plaintiff's claim is included with those for which the appropriation was made by the act of the legislature. The answer then avers, substantially, the following affirmative matters: (1) That in the case of Havemeyer v. Superior Court, 84 Cal. 327, 18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121, the supreme court decided that the appointment of the receiver in People v. American S. R. Co. was null and void. (2) That P. Reddy, the receiver, filed his account in the superior court in the case of People v. American S. R. Co., which accounts were passed upon and allowed by that court, including the item of $504 claimed by the petitioner Cahill, but that such allowance was made without notice to the plaintiff or its attorneys in that action; and that thereafter the plaintiff in that action (the people) appealed to the supreme court from the order settling the accounts of the receiver, and from the order allowing Cahill $504, and that such appeal is now pending; that since said appeal and the passage of the appropriation act of the legislature the board of examiners have refused to allow the claim of Cahill pending said appeal, by reason whereof "the state of California was never liable to said P. H. Cahill or to P. Reddy in the sum of $504, or any other

sum; and therefore the passage of said act for the purpose of compensating said P. H. Cahill is a gift and donation, and in violation of the constitution of the state of California.'' (3) That the costs incurred by the receiver exceeded $24,000. That the complaint in People v. American S. R. Co. did not pray for the appointment of a receiver or for general relief. That the order to show cause for the appointment of a receiver was issued upon the court's own motion, and counsel in said cause did not have any authority to incur any liability on the part of the state of California, or to make any costs in reference to the appointment of a receiver; and, ''for the purposes of a defense to this action and proceeding, this respondent hereby refers to the judgment-roll in the case of People of the State of California v. American Sugar Refinery Company.'' The answer contains other matters of mere argument and conclusions of law, which need not be stated or considered for the purpose of testing its sufficiency.

1. Did the court err in overruling the respondent's demurrer to the petition? The first ground upon which it is contended that the demurrer should have been sustained is that the petition fails to show that the present state board of examiners has passed or acted upon petitioner's claim, or approved the same. Conceding that this court may judicially know that the members of the board, at the time this proceeding was commenced, were not the same persons who composed it at the time petitioner's claim was approved, it is nevertheless, in contemplation of law, the same board. Counsel have cited no law or case, and I have found none, to the effect that a mere change of the constituent members of the board invalidates acts of the board done before such change, or necessitates a re-enactment of an approval of them after such change, in order to make them effective: See Osterhoudt v. Rigney, 98 N. Y. 222. It is further contended that the petition does not show that petitioner's claim is exempt from the provisions of section 672 of the Political Code, but the contrary. That section of the Political Code forbids the controller to draw his warrant for any claim, ''unless it has been approved by the board,'' or has been exempted from the operation of that section. Since the petition shows that petitioner's claim had been approved by the board, it needed no exemption from the operation of that section to authorize

the controller to draw his warrant for it.   This objection to the petition is probably grounded on the assumption that an approval of a claim continued in force only so long as the members of the approving board remain the same, which, as above shown, is unwarranted.   It is further claimed that the petition does not identify the claim as one of those for which the appropriation was made.   The petition states that petitioner presented his claim to the board of examiners; that the board approved it as a claim chargeable to the state for costs and expenses of a suit in which the state was a party in interest, during the forty-first fiscal year, the appropriation for which was then exhausted; that the board transmitted this claim, with such approval, to the senate and assembly of the ensuing session, and recommended that an appropriation be made to pay the same; that the legislature, at its next session, on the sixth day of April, 1891, in accordance with the recommendation of said board of examiners, did appropriate money "to pay said claim of petitioner, together with other claims of like nature, and that the money is in the treasury of the state, subject to the payment of said claim, and subject to the controller's warrant for the payment of the same."   The appropriation act referred to is entitled, "An act making an appropriation to pay the deficiency in the appropriation for costs and expenses of suits in which the state is a party in interest, for the forty-first fiscal year."   It appropriates $1,059.40 "out of any money in the state treasury, not otherwise appropriated, to pay the deficiency in the appropriation for costs and expenses of suits in which the state is a party in interest (as approved by the state board of examiners) for the forty-first fiscal year."   The second section authorizes the controller to draw his warrant for the amount appropriated and directs the treasurer to pay the same.   The act was approved April 6, 1891, and took effect immediately.   Reading the petition in connection with the appropriation act, to which it refers, I think it sufficiently identifies the claim as one for which the appropriation was made.   Presumably the claim as approved, with the recommendation of the board that the appropriation be made to pay the same, was transmitted to the controller immediately after its approval, as required by section 661 of the Political Code, and remained on file in his office as an approved claim,

for which he was commanded, by the section referred to, to draw his warrant in the order of its number (126), if, as alleged in the petition, there was money in the treasury applicable to its payment. No reason is apparent why the controller should have doubted that petitioner's claim was one of the claims for the payment of which the appropriation was made.

It is further claimed that the petition is defective, in that it does not show that petitioner's services were reasonably worth the sum claimed. No statement of the value of the services, in addition to what appears in the claim approved by the board of examiners, 'was necessary. Conceding, for the purposes of this case, that the controller may go behind and question the approval of a claim by the board of examiners and the appropriation act of the legislature in certain exceptional cases, this is not one of such cases. Here there is no question as to whether the claim or the approval thereof was fraudulent, or the result of a mistake; nor whether the board had lawful authority to audit the claim; nor whether the act of appropriation was constitutional. The sole question under this head is, Did the board of examiners, in the honest exercise of undoubted authority, err in estimating the value of the services for which the claim was made? As to this question, the decision of the board of examiners was conclusive upon the controller. Section 436 of the Political Code provides: "All warrants for claims which have been audited by the board of examiners, and filed in his office, must be drawn in the order of the numbers placed upon them by that board." Section 661 of the same code: "If the board approve such claim, they must indorse thereon over their signatures, 'Approved for the sum of ——— dollars,' and transmit the same to the office of the controller of state, and the controller must draw his warrant for the amount so approved in favor of the claimant or his assigns, in the order in which the same was approved." It is to be observed, however, that the petition does (unnecessarily) state that "the amount and value of said services was $504." This, taken in connection with the approval of the claim by the board of examiners as set forth in the petition, is mere surplusage, requiring no proof. I think the court did not err in sustaining the demurrer to the answer of the defendant.

2. The answer denies no material fact stated in the petition, and fails to state facts sufficient to constitute a defense to this proceeding. The allegations in the petition that the plaintiff, in the suit of People v. Havemeyer, applied to the superior court for the appointment of a receiver and that there was a judgment for costs in that suit, were immaterial, except as matter of inducement, merely introductory and explanatory of the essential grounds of the proceeding, namely, the approval of petitioner's claim by the board of examiners and the appropriation of money to pay it by the legislature: Gould on Pleading, 42; City v. Lamson, 9 Wall. (U. S.) 478, 17 L. Ed. 725. The validity of neither the approval of the claim by the board nor the act of appropriation by the legislature depended upon the truth of these allegations, and it is at least doubtful whether they were material or relevant matters for consideration by the board of examiners, since the petitioner's claim may have been lawful and just, even though there was no judgment for costs in the suit of People v. Havemeyer, and no application to the court for a receiver therein. But, however this may be, the approval of the claim by the board of examiners and the appropriation of money to pay it by the legislature must be considered conclusive of the validity of petitioner's claim as against the controller, under the pleadings in this proceeding. The board of examiners has unlimited power to investigate the merits of all claims presented for allowance, and may act upon facts within the personal knowledge of its members, as well as upon evidence from other sources: Pol. Code, secs. 658, 666. It was the duty of the attorney general, as a member, to impart to the board his personal knowledge of all material facts in regard to the suit of People v. Havemeyer, which suit had been prosecuted by him; and he must be presumed to have performed this duty. In the matter of approving and rejecting claims against the state, the board of examiners acts judicially, and its decisions in cases of which it has jurisdiction are not subject to collateral attack. In his work on Judgments (section 532), Mr. Black says: "When the statutes commit to a board of county commissioners, or supervisors, or auditors, or to a town council, the duty of examining or auditing claims against the municipality, their action in auditing, adjusting, or rejecting such a claim is judicial in its nature,

and their decision is binding and conclusive, unless reversed on appeal''; citing, among other cases, Osterhoudt v. Rigney, 98 N. Y. 222; Colusa County v. De Jarnett, 55 Cal. 373; Placer Co. v. Campbell (Cal.), 11 Pac. 602. In Ousterhoudt v. Rigney, 98 N. Y. 222, the court said: ''The acts of a board of audit, within its jurisdiction, in the absence of fraud or collusion, are final and conclusive, and cannot be questioned in a collateral proceeding. Whether the claim is a proper town or county charge, in a case where it is doubtful, and rests upon disputed evidence, and what amount shall be allowed when not fixed by statute, are questions which the statute commits to the determination of the board of audit; and, however much it may err in judgment upon the facts, so long as it keeps within its jurisdiction, and acts in good faith, its audit cannot be overhauled, but is final, as well as to the taxpayers as to the claimant'': See, also, Robinson v. Supervisors, 16 Cal. 209; Miller v. Sacramento County, 25 Cal. 94; Emery v. Bradford, 29 Cal. 84; Scheerer v. Edgar, 76 Cal. 569, 18 Pac. 681; Bernal v. Lynch, 36 Cal. 135; Black on Judgments, sec. 250. The affirmative allegations of the answer do not constitute a defense.

What the supreme court decided as to the appointment of a receiver is a matter of law, and therefore not pleadable as a fact. But, conceding, as a matter of law, that the appointment of the receiver was void, it does not necessarily follow that petitioner's claim against the state for services in watching and caring for the property while in the custody of the receiver was not a lawful claim to the extent allowed by the board of examiners, and confirmed by the act of appropriation. For the purpose of sustaining this proceeding it is sufficient to say that the state, as plaintiff in the suit in which the receiver was appointed, may have been responsible for costs and other consequences of the appointment of the receiver, even though such appointment was void, as being in excess of the jurisdiction of the court: Code Civ. Proc., sec. 1038; Adams v. Haskell, 6 Cal. 476; McDermott v. Isbell, 4 Cal. 114; Argenti v. San Francisco, 30 Cal. 467; Lawrence v. Booth, 46 Cal. 187; Beach on Receivers, sec. 313. Granting this, it may be presumed that the board of examiners found a state of facts justifying its conclusion that the petitioner's claim was a proper charge against the state, since its jurisdic-

tion is apparent, and no fraud, collusion, or bad faith is alleged. It is not perceived how the order of the court allowing the receiver's accounts in the suit of People v. Havemeyer, or the alleged appeal from that order, can prejudice or affect the claim of the petitioner in this proceeding, who is not a party to that suit nor to that appeal.

In their reply brief, counsel for appellant make the point that the judgment was taken without any evidence on the part of the petitioner, and is erroneous for this reason. In answer to this it is sufficient to say that it does not appear that the court did not hear evidence, and the presumption is that the court heard whatever evidence was necessary to justify the judgment. The judgment contains the following recital: "And, respondent refusing to amend his answer, and it duly appearing to the court that the prayer of the petitioner should be granted," etc.

The point that the attorney general had no authority to incur any state liability for costs in the matter of the receiver, and therefore that the appropriation by the legislature to pay such costs was a gift, is not sufficiently plausible to merit special consideration, in view of the late decisions in the cases of Stevenson v. Colgan, 91 Cal. 649, 25 Am. St. Rep. 230, 14 L. R. A. 459, 27 Pac. 1089, and Rankin v. Colgan, 92 Cal. 605, 28 Pac. 673. I think the judgment should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.