[S. F. No. 3062. Department Two.—January 16, 1905.]

JEREMIAH F. SULLIVAN et al., Respondents, v. HENRY T. GAGE et al., State Board of Examiners, Appellants.

ACTION BY STATE—DISSOLUTION OF CORPORATION—VOID ORDER FOR RECEIVER—ALLOWANCE OF ATTORNEYS' FEES AGAINST STATE—REJECTION BY BOARD OF EXAMINERS—MANDAMUS.—Where an action was brought by the state to dissolve a corporation, and the court therein made a void order appointing a receiver, and upon report of the receiver made an order allowing his attorneys compensation against the state, without notice to the state, and a claim therefor was repeatedly presented by the attorney to the state board of examiners, and repeatedly rejected by it, its action in rejecting it was discretionary and judicial, and *mandamus* will not lie to compel the board to allow it.

ID.—ATTORNEYS' FEES NOT COSTS.—The attorneys' fees allowed by the court are not costs against the state within the meaning of section 1038 of the Code of Civil Procedure, which the board has no discretion to reject, when the judgment therefor is final.

ID.—VOID ORDER OF ALLOWANCE.—The allowance of attorneys' fees being based on the void order appointing the receiver, he cannot be

regarded as a receiver, and the court had no power to allow attorneys' fees based upon such void order, and the order allowing the same is itself void. The order should have run to the receiver, and not to the attorneys for the receiver as such, who can have no right of action to enforce them, and the allowance to them is void.

Id.—Jurisdiction of Board of Examiners.—The board of examiners is forbidden to entertain a demand against the state once rejected by it, unless such facts are presented to the board as between individuals would be ground for a new trial.

Id.—Void Judgment or Order—Effect of Dismissal of Appeal.—The dismissal of an appeal from a void judgment or order is an affirmance thereof only in a limited sense, and imparts no validity thereto.

Id.—Constitutional Law—Void Special Appropriation.—A special appropriation act which contains several items which are not for a single purpose is void, as being in violation of section 34 of article IV of the constitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. C. Van Fleet, for Appellants.

Sullivan & Sullivan, for Respondents.

HENSHAW, J.—This is an appeal from a judgment in favor of plaintiffs awarding a temporary writ of mandate against the defendants, the state board of examiners, commanding the board "to forthwith approve and allow" a claim of the plaintiffs against the state of California for five thousand dollars.

The facts material to this consideration are as follows: In 1888 an action was commenced by the people of the state of California, upon the relation of George A. Johnson, attorney-general, under section 803 of the Code of Civil Procedure, against the American Sugar Refinery Company, a corporation, to obtain a judgment excluding that corporation from its corporate franchise on the ground of misuser. In January, 1890, a judgment was rendered in this action excluding the corporation from the franchise, dissolving it as a corporation and imposing a fine upon it, and in February, 1890, the court, upon the application of the attorney-general, and upon

order directing the defendant to show cause, made its order appointing Patrick Reddy receiver in the action, to take possession of all the property of the corporation, and to hold the same pending the appeal from the judgment. Reddy qualified as receiver, took possession of some of the property of the corporation, and so continued until the ninth day of June, 1890. Upon that date a writ of prohibition was issued from this court in the case of *Havemeyer* v. *Superior Court,* 84 Cal. 327,[1] adjudging that the order of the superior court appointing Patrick Reddy receiver and all orders made by the superior court in pursuance or aid thereof were null and void and of no effect and in excess of the jurisdiction of the superior court, and the superior court and its judge were prohibited and restrained from in any manner acting upon and enforcing the orders, or either of them, and the court was further commanded without delay to revoke and annul the orders and each of them.

On January 10, 1891, Patrick Reddy filed in the superior court his account and report of his administration as receiver, in which he stated that he had been "obliged to employ counsel for the purpose of advising him in his duties in the premises, and did employ Messrs. Sullivan & Sullivan" (plaintiffs herein), and that their services as such were reasonably worth five thousand dollars. On the same day the superior court made its order appointing M. C. Blake a referee to take proofs as to the matters embodied in the report, and to report, amongst other things, "the amount proper to be allowed as compensation for the services of Messrs. Sullivan & Sullivan, attorneys at law, rendered to said Reddy while acting as such receiver." On February 3, 1891, Blake made his report, which contained the statement that Messrs. Sullivan & Sullivan had acted as attorneys and counsel of the receiver in all the matters of said receivership, and had rendered valuable and important services, and that such services were reasonably worth the sum of five thousand dollars, and that no payments had been made on account thereof. On the day upon which the report was filed the court made its order approving it, which order contained the following: "And it is further ordered, adjudged and decreed that Messrs, Sullivan & Sullivan are entitled to the sum of five thousand ($5,000) dollars from the state of Califor-

[1] 18 Am. St. Rep. 192.

nia.'' No notice was given to the state of any of these pro-
ceedings, nor was the state represented at any of these
hearings. In April, 1891, the attorney-general took an appeal
to this court from this last-quoted order or judgment. On
December 14, 1892, and while this appeal was pending, plain-
tiffs presented to the state board of examiners their claim
for ''professional services rendered by said Sullivan & Sulli-
van, as attorneys and counselors for the receiver appointed
by the superior court of the city and county of San Francisco,
State of California, in that certain action entitled 'The People
of the State of California, upon the relation of George A.
Johnson, Attorney-General, plaintiff, *vs.* American Sugar Re-
finery, defendant,' during the first six months of the year
A. D. 1890. Said sum of $5,000.00 (five thousand dollars)
was fixed and allowed as the fee of Sullivan & Sullivan for
said professional services by the superior court of the city and
county of San Francisco, by order of said court, duly given,
made and entered in said court on the third day of February,
1891.'' On December 15, 1892, the board of examiners made
its order rejecting the claim as follows: ''The annexed ac-
count for $5,000.00, presented by Sullivan & Sullivan for
legal services (case of People *v.* American Sugar Refinery
Company), 41st fiscal year, is rejected and disallowed under
section 662, Political Code, because the board is of the opin-
ion that the state is not liable in view of the facts, evidence,
and decision of the supreme court in the case of *Havemeyer*
v. *Superior Court,* 84 Cal. 327,[1] and *Havemeyer* v. *Superior
Court,* 87 Cal. 267.'' Thereupon plaintiffs appealed to the
legislature from this disallowance of their claim, and served
notice upon the state board of examiners of their appeal. In
1895 the legislature passed the following act (Stats. 1895,
p. 238) :—

''An act appropriating money to pay the claims of H. P. Dyer,
    F. F. Dyer, C. A. Granger, Gaston Goldsmith, and Sulli-
    van & Sullivan.

''The people of the state of California, represented in senate
and assembly, do enact as follows:

''Section 1. The sum of eight thousand six hundred and
forty-five dollars is hereby appropriated out of any money in
the state treasury not otherwise appropriated, to pay the

---

[1] 18 Am. St. Rep. 192.

·claim of H. P. Dyer for four hundred and six dollars; C. A.
Granger for four hundred and thirty-one dollars; F. F.
Dyer for two thousand seven hundred and seventy-five dol-
lars; Gaston Goldsmith for thirty-three dollars; and Sullivan
& Sullivan for five thousand dollars; which amounts have been
assessed as costs against the state of California in the case of
The People of the State of California *v.* The American Sugar
Refinery Company, number twenty-four thousand three hun-
dred and eighty-one, in the superior court of the state of Cali-
fornia, in and for the city and county of San Francisco.''

Thereafter, and upon July 12, 1895, Messrs. Sullivan & Sul-
livan again presented to the board of examiners a claim recit-
ing the facts above stated as to the report of Mr. Reddy, its
reference to Mr. Blake, his report thereon, and setting forth
''that thereafter said report came on regularly for hearing
before said superior court, and said court, after due con-
sideration, duly gave and made a judgment confirming said
report and directing payment to said Sullivan & Sullivan of
said sum of five thousand dollars; that said judgment has
never been reversed, vacated, or set aside; that on the 27th
day of March, 1895, an act of the legislature of the state of
California was duly passed and approved by the governor of
said state, appropriating out of the moneys in the state treas-
ury not otherwise appropriated the sum of five thousand dol-
lars to pay said claim of Sullivan & Sullivan.''

On December 13, 1895, the state board of examiners again
rejected the claim in the following order: ''The annexed
account for $5,000.00, presented by Sullivan & Sullivan for
legal services in the case of The People *v.* Am. Sugar Refinery
Company, is rejected and disallowed under section 662, Po-
litical Code, because not a legal charge against the state.''
This last-mentioned claim was also presented and acted upon
by the state board of examiners while the appeal from the
order of the superior court was still pending. On February
7, 1899, this court made its order dismissing the appeal there-
tofore taken by the state from that order for the failure of
the appellant to file any transcript on appeal. And upon
March 10, 1899, the *remittitur* on such appeal was filed in the
superior court. On March 6, 1899, the plaintiffs again pre-
sented to the board their claim, and on June 27, 1899, the
board again rejected the claim, stating ''This claim is dis-

approved by the board of examiners. First—Because the demand was rejected by the state board of examiners for sufficient reason on Dec. 15, 1892; and a second time rejected by said board for sufficient reason on the 13th day of Dec., 1895; and there appears no law whatever authorizing this board to entertain the same demand a third time. Accordingly the board disapproves this claim, and causes the same to be filed with the records of the board with the foregoing statement showing such disapproval and the reasons therefor.'' Upon this rejection, the plaintiffs sued in mandate, and, as has been stated, obtained a judgment of the trial court commanding the board of examiners "to forthwith approve and allow'' their claims, and from this judgment the state board of examiners has appealed.

Appellants' first contention against the judgment may thus be stated: The board of examiners, in passing upon claims such as this, is vested with discretionary and judicial powers; mandate will not lie to compel it to exercise those powers in any given way, or, as here, to force the board to approve and allow a claim. Second, mandate will not lie in this case, because the board has already acted, has exercised its discretionary and judicial powers, and has three times rendered its judgment against the validity of the claim. Plaintiffs' only redress is by direct appeal from such judgment, or by such other appropriate mode of relief as the state has provided, and if the state has provided no mode of relief, then the action of its agent, the board of examiners, is final and conclusive.

Respondents, in answer to this, admit the well-settled rule that mandate will not lie to compel a tribunal exercising discretionary and judicial functions to act in a particular way, but they insist that mandate will lie to compel specific form of action where no discretionary or judicial powers are vested with the board, or with the tribunal, and where but one form or course of action is open to them upon the claim; and they insist that their own case is of the latter sort. Furthermore, they urge against the objection that the board has already acted by rejecting the claim, that these orders of rejection do not constitute *res adjudicata* against them for the reason that at the time of these rejections the appeal from the order allowing them counsel fees was still pending in the court, and

was therefore *sub judice;* while at the time of the commencement of this action, by a dismissal of that appeal, the order had become final and valid by operation of the judgment of dismissal.

The duties and powers of the board of examiners in these matters are prescribed by sections 660 and 661 et seq. of the Political Code.   Three classes of claims are there specified: The one for which appropriations have been made (secs. 660, 661, 662) ; the second those for the settlement of which provision has been made by law, though no specific appropriation has been made therefor (sec. 663) ; and the last those for the settlement of which no provision has been made by law (secs. 664, 665, 666.)   As to the third class, the board has no power other than "to report to the legislature such facts and recommendations" as they deem proper.   In acting upon a claim of the other two classes the board is authorized, by these sections, either to approve or disapprove it.   Respondents, in support of their contention that the state board of examiners was not called upon to exercise discretionary and judicial functions in the matter of their claim, place great reliance upon the case of *Lawrence* v. *Booth,* 46 Cal. 187. That was mandate against the state board of examiners to compel the allowance of a claim for costs in an action commenced by the district attorney upon behalf of the state, which costs were assessed by the district court under the provisions of a special statute, the contention of the defendant board being that the award of costs by the district court was not conclusively binding upon it, and did not, therefore, control its action.   That contention was disposed of in the following language: "At all events, the requirement of the statute, as we construe it, is positive, that the cost of publication, as taxed by the court, shall be paid by the state.   This leaves to the auditing officers no discretion as to the amount for which the claim shall be allowed.   It must still pass through the hands of the board of examiners, in the ordinary routine of business, but the amount allowed can be no other than that fixed by the judgment of the court."   Here, it will be observed, was waged no controversy over the provisions of the statute, nor over the validity of the order of the court in fixing costs, the point of difference being merely, as has been stated, whether the court's allowance absolutely controlled the

action of the board of examiners. Apart from such excep-
tional cases as that illustrated in *Lawrence* v. *Booth,* 46 Cal.
187, it is unquestionably the fact, and has been so declared by
this court, that the state board of examiners does exercise, in
the generality of cases, discretionary and judicial functions,
making their acceptance or rejection of a claim not only final,
but free from collateral attack. And so it is distinctly laid
down as to the powers of this board upon these very claims in
*Cahill* v. *Colgan,* (Cal.) 31 Pac. 614, where it is said: "The
board of examiners has unlimited power to investigate the
merits of all claims presented for allowance, and may act
upon facts within the personal knowledge of its members, as
well as upon evidence from other sources. (Pol. Code, secs.
658, 666.) It was the duty of the attorney-general, as a mem-
ber, to impart to the board his personal knowledge of all
material facts in regard to the suit of *People* v. *Havemeyer,*
which suit had been prosecuted by him; and he must be
presumed to have performed this duty. In the matter of
approving and rejecting claims against the state, the board of
examiners acts judicially, and its decisions in cases of which
it has jurisdiction are not subject to collateral attack. In
his work on Judgments (sec. 532) Mr. Black says: 'When
the statutes commit to a board of county commissioners, or
supervisors, or auditors, or to a town council, the duty of
examining and auditing claims against the municipality, their
action in auditing, adjusting, or rejecting such a claim is
judicial in its nature, and their decision is binding and con-
clusive, unless reversed on appeal'; citing, among other cases,
*Osterhoudt* v. *Rigney,* 98 N. Y. 222; *Colusa County* v. *De
Jarnett,* 55 Cal. 373; *Placer County* v. *Campbell,* (Cal.) 11
Pac. 602. In *Osterhoudt* v. *Rigney,* 98 N. Y. 223, the court
said: 'The acts of a board of audit, within its jurisdiction, in
the absence of fraud or collusion, are final and conclusive, and
cannot be questioned on a collateral proceeding. Whether the
claim is a proper town or county charge, in a case where it
is doubtful, and rests upon disputed evidence, and what
amount shall be allowed when not fixed by statute, are ques-
tions which the statute commits to the determination of the
board of audit; and however much it may err in judgment
upon the facts, so long as it keeps within its jurisdiction, and
acts in good faith, its audit cannot be overhauled, but is final,

as well as to the taxpayers as to the claimant. (See, also, *Robinson* v. *Supervisors,* 16 Cal. 209; *Miller* v. *Sacramento County,* 25 Cal. 94; *Emery* v. *Bradford,* 29 Cal. 84; *Scheerer* v. *Edgar,* 76 Cal. 569; *Bernal* v. *Lynch,* 36 Cal. 135; Black, Jdgm., sec. 250.)'' In further support of the principles here enunciated, and on the proposition that mandate will not lie to compel specific action by a tribunal vested with discretionary powers, may be cited *Tilden* v. *Supervisors,* 41 Cal. 68; *Berryman* v. *Perkins,* 55 Cal. 483; *Strong* v. *Grant,* 99 Cal. 100; *Jacobs* v. *Supervisors,* 100 Cal. 121. While in *Wood* v. *Strother,* 76 Cal. 545, upon which respondents rely, it is said: ''If the determination of the tribunal was intended to be final, it is plain that it cannot be disturbed, either on *mandamus* or in any other way. If it was not intended to be final, but there is other 'plain, speedy, and adequate remedy,' the writ cannot issue; for it was not designed to usurp the place of other remedies.''

We are thus brought to consider whether the claim before us presents a case within the exception to the general rule as noted in *Lawrence* v. *Booth,* 46 Cal. 187, for if it does not, then clearly this action will not lie. Herein respondents cite section 1038 of the Code of Civil Procedure, to the effect that when the state is a party, and costs are awarded against it, they must be paid out of the state treasury, and their argument which follows is, that the award which the court made in their favor was in effect an award for costs in the action, and that the order fixing the amount having been made by a court of competent jurisdiction, and the appeal from that order to this court having been dismissed, the matter becomes an absolute finality, and that naught is left for the state board of examiners but to approve their claim. But the parallel between this case and that of *Lawrence* v. *Booth* would be much closer were it not for the objections which are presented to all these matters. In the first place, section 1038 is dealing merely with ''costs'' as such. Plaintiffs' claim is not a claim for costs within the meaning of this section and of its chapter, nor was the award made to them by way of costs.

Moreover, the validity of the order itself is here called in question, whereas the validity of the order made in *Lawrence* v. *Booth* was never in controversy. It is beyond peradventure that this court decided that the appointment of the receiver in the case of *People* v. *American Sugar Refinery* was void.

as being in excess of the jurisdiction of the court. (*Have-meyer* v. *Superior Court,* 84 Cal. 327,[1] and *Havemeyer* v. *Superior Court,* 87 Cal. 267.) This, it will be observed, does not present the case of a reversal of an order appointing a receiver for mere error or irregularity in its procurement. It presents the case of an order void for want of legal authority, where the receiver, in point of law, was not a receiver but a trespasser. It is so stated in *Costa* v. *Superior Court,* 137 Cal. 79, where it was held that the superior court had no jurisdiction to appoint an administrator of the estate of a living person, and the appointment was therefore in excess of jurisdiction and void. This court said: "In this case the court finds that it has never acquired jurisdiction of the subject-matter involved in the proceedings. Its previous orders were entirely void, and in this very judgment it is so declared. The petitioner, therefore, has not been placed in possession of the property by any valid order or process of the court. After the judgment declaring the grant of administration and all subsequent proceedings void, the petitioner will be regarded as a trespasser from the beginning. He cannot be regarded as a receiver whose possession is that of the court." (See, also, *Staples* v. *May,* 87 Cal. 178.) The cases are not infrequent where the court has settled the account of a receiver erroneously appointed and made the amount a charge against the party who has procured the appointment, but no case has been brought to our attention where a court has made such an order when its own judicial act in appointing the receiver was nugatory and void for want of jurisdiction. The receiver is not obliged to accept such appointment, and in such a case as this, as the court was without power to appoint him, it must equally be without power to make any other order depending for its validity upon the order of appointment. The utmost that is left for a receiver appointed under such circumstances is his right of action for compensation against the party procuring his appointment. Thus, in *Grant* v. *Superior Court,* 106 Cal. 324, where this court denied a writ of prohibition, it is said: "It is suggested, however, that an order fixing the receiver's compensation in this proceeding might conclude the rights of the petitioners as to costs to be included in the final judgment or in a separate action by

---

[1] 18 Am. St. Rep. 192.

Silver to recover the amount allowed. But they certainly cannot be concluded by the order in any collateral proceeding or new action if the court has no jurisdiction to make it." And in *Grant* v. *Los Angeles etc. R. R. Co.*, 116 Cal. 71, it was contended by appellant that, as the order appointing the receiver was absolutely void upon its face for want of jurisdiction in the court to make it, the order fixing the compensation of the receiver, being founded thereon, was equally void, and this court, after discussion, summed the matter up in the following sentence: "That order [appointing the receiver] being void, the present order must of necessity be held as to appellant likewise void." So here it must result that the order allowing compensation, being based upon a void order appointing the receiver, is itself void.

But these are not the only considerations. The order, it is to be noted, is an order directing the payment of the money to Sullivan & Sullivan, and not to the receiver. Yet it is in favor of the receiver alone that the order should have run. The employment of Sullivan & Sullivan came wholly from the receiver, and to him alone were they entitled to look for compensation. If the order in question be construed as a judgment in favor of Sullivan & Sullivan, it is a judgment in favor of one not a party to the action nor an officer of the court. If it be construed as an order, then it is fatally defective in that the order should have run in favor of Mr. Reddy, and should have been an allowance to him upon account of his obligation to the attorneys whom he had employed. It is thus declared in *Stuart* v. *Boulware,* 133 U. S. 78, where the court says: "If it were proper for the receiver to employ counsel the allowance of reasonable counsel fees is to the receiver, and not directly to the counsel, and such fees would constitute only one of the items in the receiver's account; the counsel had no cause of action, but the allowance was in legal effect to the receiver to enable him to make compensation for professional services." Nor is this distinction unimportant. The receiver might have a cause of action against the party securing his appointment, whereas the attorney for the receiver has no such right of action, and can look for compensation only to the person who appointed him. So in this case Sullivan & Sullivan would have no right of action against the state. That right of action would be

vested in Mr. Reddy alone. Their sole right would rest in their claim against the receiver. The same principle was declared in *Sharon* v. *Sharon,* 75 Cal. 1, and *Henry* v. *Superior Court,* 93 Cal. 561.[1] In each of those cases an order making allowance to the attorneys directly was held to be void, and in the latter case it was annulled on *certiorari.*

It thus appears that the claim presented to the state board of examiners was a claim essentially calling for the exercise of discretion and judgment, and that this was employed with the result that the claim was three times rejected. It might well be sufficient to rest the matter here, but in addition to what has been said another sufficient reason may be advanced. Section 670 of the Political Code provides as follows: "The board must not entertain, for the second time, a demand against the state once rejected by it or by the legislature, unless such facts are presented to the board as in suits between individuals would furnish sufficient ground for granting a new trial." It is not disputed that the claims presented were the same. But one change had occurred since the rejection of the claim in 1895 and its new presentation and rejection in 1899, and that is, that the state's appeal from the order which forms the basis of the claim had been dismissed. Upon this it is contended, as has before been stated, that the fact of dismissal not only worked an affirmance of the order appealed from, but established its validity, and that therefore the former rejection cannot be regarded as *res adjudicata,* and the situation was different in important legal particulars at the time of the last presentation and rejection. But the claim was last presented upon March 6th, and the judgment of dismissal did not become final by the going down of the *remittitur* until March 10th. So at the time of the last presentation the appeal, in contemplation of law, was still pending, and the position of the claimants was precisely the same as it was in 1895. But, aside from this, the dismissal of the appeal from the order was not an affirmance of the order so as to give it any validity which otherwise it did not possess. A dismissal of an appeal is an affirmance of the judgment only in a limited sense. If the judgment is void on its face, the dismissal of the appeal from it in no wise cures such vital defect. At the most, the dismissal prevents a second appeal,

---

[1] 27 Am. St. Rep. 223.

and relieves the order or judgment from attack for error or irregularity which could have been taken advantage of upon appeal. (*Smith* v. *Westerfield,* 88 Cal. 374; *Ritzman* v. *Burnham,* 114 Cal. 522; *United States* v. *Gomez,* 23 How. 326.) Says this court in *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633 :[1] "The affirmance of the appellate court of a void judgment imparts to it no validity; and especially if such an affirmance is put upon grounds not touching its validity. . . . The supreme court of Mississippi said that the affirmance of a void judgment on appeal, upon grounds not touching but overlooking its invalidity, did not make it valid. When a judgment is lacking in any of the foregoing particulars, it matters not whether it was rendered by the highest or lowest court in the land—it is equally worthless. No one is bound to obey it. The oath of all officers, executive, legislative, or judicial, compels them to disregard it." It follows, therefore, that the mere fact that the appeal had been dismissed did not impart any validity to this void order.

There is left for consideration the effect of the legislative act above quoted. The claim which was presented to the state board in 1895 was based upon the act and was rejected. In this particular the situation is not changed since the rejection of that claim, and no new rights which would "furnish sufficient ground for granting a new trial" have been shown. In that view of the case it was the duty of the board of examiners to refuse to consider the claim anew, and plaintiffs were barred by the rejection of 1895. And, finally if the validity of the Appropriation Act itself be involved, it is without doubt violative of section 34 of article IV of the constitution, which provides that "No bill making an appropriation of money, except the general appropriation bill, shall contain more than one item of appropriation, and that for one single and certain purpose to be therein expressed." The language of this section is so plain that read side by side with the act in question it would seem to cut off the need of discussion. There is here not only more than one item, but the items themselves are not for a single purpose. (*Murray* v. *Colgan,* 94 Cal. 435.)

The judgment appealed from is therefore reversed.

McFarland, J., and Lorigan, J., concurred.

[1] 50 Am. St. Rep. 67.