Filed 4/15/13  Marriage of Mojtahedzadeh v. Farshi CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SEPIDEH MOJTAHEDZADEH and ESMAEIL FARSHI. | |
| | D061426 |
| SEPIDEH MOJTAHEDZADEH, | |
| Plaintiff and Respondent, | (Super. Ct. No. D528075) |
| v. | |
| ESMAEIL FARSHI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Dismissed.


Defendant and appellant Esmaeil Farshi (Father) appeals the judgment of the family court in the dissolution action between Father and his former wife, plaintiff and respondent Sepideh Mojtahedzadeh (Mother), with respect to its child custody and visitation determinations.  The court awarded Mother full custody of their two minor children, and

denied Father any visitation rights. (Fam. Code, § 3040 et seq.; all further statutory references are to this code unless noted.)

Mother's brief defends the custody order and judgment, relying in part on records in the same family court file from previous litigation about Mother's request for a prejudgment order in this case, a 2011 domestic violence restraining order (DVRO). That DVRO was affirmed as modified by this court in January 2013. (*Mojtahedzadeh v. Farshi* (Jan. 10, 2013, D060218) [nonpub. opn.].)

In Father's prior appeal arising out of the DVRO, this court examined the record and affirmed the order as modified, observing in our prior opinion that "Father's arguments on appeal are diffuse, extremely difficult to understand, and unsupported by record citations or legal argument. Basic appellate procedure required Father as an appellant to summarize the relevant underlying facts fairly, but instead, he makes only broad based attacks and arguments about the political and legal systems and their participants, according to his particular world view. Such factual statements in appellate briefs not supported by citations to the record are improper and cannot be considered. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)"

We are again presented with the same problematic situation about a lack of any identifiable issues or arguments on appeal. As we next explain, Father's appeal must be dismissed due to its extreme degree of noncompliance with appellate court rules, making it unduly difficult or impossible for this court to analyze any purported challenges to the judgment.

# I

## *BACKGROUND; PRIOR APPEAL*

As outlined in our prior opinion, the parties were married and, as of 2011, they had one son who was about age two and one daughter, age 14. Mother is highly trained in medicine and Father, the same in physics, and they formerly lived in Iran. On February 28, 2011, Mother filed her petition for dissolution. She also obtained a reissuance of the temporary DVRO. Numerous contested hearings ensued on that issue, and also on the spousal/child support and property division issues in the dissolution.

On the DVRO request, a contested evidentiary hearing began on June 20 and concluded on June 27, 2011. Mother recently made an unopposed request to augment this record on appeal, to add the reporter's transcripts from those DVRO hearings (since she claimed the evidentiary basis for the subject custody and visitation order included oral evidence presented during those hearings). We granted that request. In our prior opinion, we affirmed the DVRO, which prevents Father from contacting Mother and the children, and modified it to clarify that its duration is five years (until June 26, 2016).

In the subject custody proceedings, litigated for several months after the DVRO hearings, the court set forth numerous specific findings in its order, in support of its grant of custody to Mother and denial of visitation to Father. The court denied the request by Mother to have the minor child testify, and continued the matter for further trial on support issues as affected by Father's bankruptcy filing. Regarding custody, the court stated in the order that it was concerned about Father's mental stability, and advised him to undergo a psychological evaluation before filing any requests for changes as to custody and visitation

3

orders.  No referral to family counseling services was made because Father had been named a vexatious litigant "and the court [did] not feel a meaningful mediation [could] occur."  Father promptly obtained an order to show cause on his request to modify child support, and on the same day, Father filed his notice of appeal from the custody order.

II

*CURRENT APPEAL*

A.  Preparation of Record

We previously issued an order stating that since Father has been declared a vexatious litigant and is subject to a prefiling order, the appeal was temporarily stayed. (Code Civ. Proc., § 391.7.)  However, we determined the appeal may proceed, because Father's status was as a named respondent in the lower court action.  On our own motion, we granted calendar preference and expedited this custody appeal.

On appeal, Father claims the custody order was void for various unusual reasons. His opening brief was so defective that we ordered it "STRICKEN and RETURNED to appellant for failure to comply with California Rules of Court, rule 8.204(a)(1)(C) [no citations to the record]."  (All further rule references are to the Cal. Rules of Court.)  Under rule 8.204(e)(2)(B), when a noncomplying brief is filed, the reviewing court may on its own motion, with or without notice, "[s]trike the brief with leave to file a new brief within a specified time."  The Advisory Committee Comment to this rule states that it " 'does not purport to limit the inherent power of the reviewing court to fashion other sanctions for such noncompliance.' "  (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 709, p. 778.)  Father was granted 15 days from the date of the order to file a proper brief.

4

However, his next filing added only minimal and illogical citations to the record, was again devoid of citations to authority or any analysis of any purported voidness issues and failed to present any understandable arguments.

We note that no reporter's transcript from the custody proceedings has been designated as part of this appellate record. We have only a clerk's transcript and lodged exhibits from the DVRO proceedings. Father did not file any reply brief, and oral argument has been waived.

## B. Applicable Standards

It is well accepted that matters involving child custody and visitation follow statutorily prescribed procedures and are generally conferred to the discretion of the family court, and such decisions are reviewed by appellate courts for abuse of discretion. (See *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Abuse of discretion occurs if the trial court exceeded the bounds of reason, or failed to apply correct legal standards and thereby took action outside the confines of the applicable principles of law or without substantial support in the evidence. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420.)

We again recite rules of appellate procedure taken from our prior opinion: As an appellant, Father has the burden of providing an adequate record and of showing that error occurred and that it was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) The arguments on appeal must be restricted to documents in the record, and we generally may not consider references to matters outside the record. (Rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record

on appeal].)  Absent an adequate record to demonstrate error, a reviewing court presumes the judgment or order is supported by the evidence.  (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136-1137.)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules."  (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.  [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [a brief's lack of any legal argument may constitute abandonment of appeal, justifying dismissal].)

The record now before us does not include the reporter's transcripts of the custody proceedings, and thus we have no way of reliably determining what evidence was presented to the family court at the hearing.  (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 ["Without the proper record, [a reviewing court] cannot evaluate issues requiring a factual analysis," as there is no way to verify the facts asserted.].)  Since we are not responsible for combing the appellate record for pertinent evidence, or conducting legal research in search of authority to support the contentions on appeal (*Del*

6

*Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768), we could additionally consider Father's claims to be waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.)

C. Evaluation of Appeal

Since Father has been unable to correct his defective brief, there is ample authority for us to dismiss the appeal for noncompliance with applicable appellate procedure. As the Supreme Court has explained in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, footnote 8, " 'A "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine." [Citation.] An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made." [citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal.' " (See *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In the current appeal, we are unable to discern what error or other defect is claimed against the custody order, and we therefore have " 'no reason to proceed to the merits of any unraised " ' "points" ' "—and, a fortiori, no reason to reverse or even modify the orders in question.' " (C*onservatorship of Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8.)

Further, and as we said before, Father has made no factual or legal showing to support his serious allegations of corruption or other misfeasance at the family court proceedings, or any voidness of the judgment. Instead, the order text and the record show

7

the judge complied with statutory procedures and due process requirements, conscientiously addressing the contested custody issues.

The result of a dismissal of an appeal is to leave the underlying judgment in place, effectively affirming it. Under Code of Civil Procedure section 913, when an appeal is dismissed, it is "with prejudice to the right to file another appeal within the time permitted, unless the dismissal is expressly made without prejudice to another appeal." Neither of the exceptions applies here (premature appeal or appeal that was taken from a void judgment or order). Thus, our dismissal of this appeal validates the judgment and its custody and visitation orders. (See *Sullivan v. Gage* (1905) 145 Cal. 759, 770-771; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 762, p. 835.)

### DISPOSITION

The appeal is dismissed. Both parties shall bear their own costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.


8