[Civ. No. 15116.  First Dist., Div. Two.  Jan. 27, 1953.]

S. J. BUDROW et al., Appellants, v. C. A. WHEATCRAFT et al., Respondents.

Edward E. Craig and H. J. Rodriguez for Appellants.

Brown, Rosson & Berry for Respondents.

GOODELL, J.—The plaintiffs filed a complaint in four counts in an action for breach of warranty. An answer was filed and when the case came on for trial the court granted defendants' oral motion for judgment on the pleadings as to the second and third counts and proceeded to trial without a jury on the first and fourth counts. At the conclusion of plaintiff's case a motion for nonsuit was granted (as to those remaining counts) and a minute order was entered reciting all the proceedings. A motion for new trial was denied and this appeal was taken on behalf of all three plaintiffs.

The first count alleged that on November 19, 1948, defendants sold to plaintiff S. J. Budrow a 1941 Ford station wagon and "expressly and impliedly warranted to the plaintiff S. J. Budrow, that the said automobile was fit for the purpose for which it was sold, to-wit: to drive as a vehicle upon the public highways." It alleged a breach of that warranty in that the car, while being driven by Budrow several days after the sale, turned over because its brakes locked, and that he was injured in the accident.

The second count, based on the same warranty, was for damages arising from injuries sustained by plaintiff Eula Budrow, wife of S. J. Budrow, while she was riding in the car on the same occasion.

The third count, based on the same warranty, was for damages arising from injuries sustained by plaintiff Frenell Johnson while a passenger on the same occasion.

The fourth count, based on the same warranty, alleged that plaintiff S. J. Budrow had a $1,000 equity in the car and that after the accident it was repossessed by defendants, resulting in the loss of his $1,000 equity.

The appeal is divisible into two parts, as to both substantive and procedural law.

### The Case of Plaintiff S. J. Budrow on the First and Fourth Counts

The nonsuit was granted for failure to prove any warranty. Plaintiff introduced in evidence a printed conditional sale contract which provided that the sale of the car was made "in its present condition," also that "This agreement constitutes the entire contract and no waivers or modification shall be valid unless written upon or attached to this contract, and said car is accepted without any express or implied warranties, agreements, representations, promises or statements unless expressly set forth in this contract at the time of purchase." Attached to the agreement was a purchase order reading: "No salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement. We do not guarantee the mileage or model . . . I . . . agree to take the above car AS IS. . . ." (The emphasis is in the writing itself.)

Plaintiff S. J. Budrow testified that after taking possession of the car he filled it up with gas "and started home and the car stopped; it wouldn't run;" that Wheatcraft's son then "shoved me back to the filling station. . . . And the car remained there until the next morning. . . . And the next morning I went back to Mr. Wheatcraft. . . . He said, 'It's only the foot throttle wrong.' So he say he put a new foot throttle on it. So I pick up the car after that, and went home, and carried the car home, and the brake would lock on me. And I carried it back to him. I said, 'The brake locks on this car. It don't work.' He said, 'I'll have it . . . fixed right' So he put it in the garage." Defendants lent him a car temporarily and the next day they notified him to pick up the station wagon which he did. That evening he drove it into Oakland (from Richmond or Stege) and it did not then work well. Early the following morning they left for Dos Palos, where plaintiff S. J. Budrow was employed, and on the way the brakes locked and the mishap occurred, injuring the three plaintiffs. After the accident an officer took the station wagon to a Los Banos garage and

left it. Shortly thereafter plaintiff S. J. Budrow mailed the contract and other papers to defendants thereby apparently abandoning the car. Defendants later repossessed it.

The plaintiff was asked: "Now, Mr. Budrow, going back to the time you bought the automobile from Mr. Wheatcraft, did you have any conversation with Mr. Wheatcraft about the condition of the automobile? Did you talk with him about the car? . . . Mr. Berry: I object to oral remarks, or conversations alleged to have been had as part of the transaction, on the ground that they violate the parol evidence rule . . . Mr. Craig: I especially call attention to the fact that the car was sold under that written contract, on an 'as is' basis. The purchase order expressly recites that car is sold as is. The Court: Yes. And to show any implied warranty of any kind would be in contravention to the express terms of that contract—violation of the parol rule.

"Mr. Berry: I submit that that would be so, Your Honor. . . . The Court: So we have to keep to the express terms of the contract, I'm afraid. Objection sustained. Proceed, please."

That these conversations were after the sale had been consummated and possession transferred to the buyer appears from appellants' statement of the issue on appeal as follows: "Is parol evidence admissible when a cause of action is based on warranty and such evidence is essential to establish warranty where there are subsequent oral agreements between the parties?"

Appellants concede that "It is a general principle of law that where there is a written integrated contract of sale, parol evidence is inadmissible to show an express warranty since it would amount to an alteration of the terms of the contract; since the contract of sale was on an 'as is' basis it would negate any implied warranty, and in addition there is no implied warranty on second-hand cars in California." They nevertheless go on to argue that "The exception to the parol evidence rule is a subsequent oral agreement between the parties in which parol evidence is admissible. This is distinguished from prior or contemporaneous agreements which seek to vary or contradict an integrated contract of sale. Therefore, when the defendants and Mr. Budrow entered into a subsequent oral agreement in which the defendants agreed to see that the car was in A-1 shape, and undertook such repairs, there was an express warranty separate and apart from the initial contract of sale."

It thus appears that appellants' reliance is placed squarely on a warranty subsequent to the sale.

Respondents answer that there would necessarily have to be a new or fresh consideration to support any such new promise or warranty. In support of that contention they cite *William A. Davis Co.* v. *Bertrand Seed Co.*, 94 Cal.App. 281, 288 [271 P. 123], wherein this court said: "But it is respondent's contention that after the receipt and acceptance of the goods and the payment of the price the defendant made certain written statements in its correspondence with the plaintiff which constituted a warranty. But in the first place each and every one of those statements relied upon was contained in a letter which contained also the printed disclaimer of warranty and there was evidently no intent expressed to give a warranty, and, furthermore, *there was no consideration received or accepted which would sustain any new or additional warranty for goods already sold and delivered.* In fact, as stated in Williston on Sales, second edition, volume 1, paragraph 211: 'If the seller's liability on a warranty is based upon an agreement to contract, *consideration is essential . . . still more clearly if no representation of warranty was made at the time of the sale, a subsequent representation or agreement to warrant will be of no legal effect, unless new consideration is given to it.'* Citing many cases." (Emphasis added.)

No attempt was made by offer of proof, or otherwise, to show that there was any consideration for the subsequent promise relied on. We are mindful that this case was disposed of by nonsuit, but there can be no possible presumption of consideration (Code Civ. Proc., § 1963, subd. 39) arising from a written contract, since the only writings in evidence disclaim warranties of any kind. The result is that appellants must rely solely on a naked, gratuitous promise based on no present consideration. The Davis case (wherein a hearing was denied) is directly in point.

Respondents rely also on *El Zarape Etc. Factory, Inc.* v. *Plant Food Corp.*, 90 Cal.App.2d 336, 344 [203 P.2d 13], which quotes from *Calpetro Producers' Syndicate* v. *C. M. Woods Co.*, 206 Cal. 246, 251 [274 P. 65].

Appellants have not seen fit to file any closing brief, and such failure leaves respondents' points and authorities—conspicuously set forth in their brief—wholly unanswered.

In our opinion the rulings were correct and the nonsuit was properly granted.

*The Cases of Eula Budrow on the Second Count,
and Frenell Johnson on the Third*

When the case came on for trial the judge expressed doubt whether either the second or third count stated a cause of action (there being no privity between the defendants on the one hand and Eula Budrow and Frenell Johnson on the other). No formal demurrer had been interposed, but the sufficiency of the complaint could be of course questioned at any time. After argument the court granted defendant's oral motion for judgment on the pleadings as to the second and third counts, for their failure to state a cause of action.

■ A defendant's motion for judgment on the pleadings is essentially the same as a general demurrer to the complaint, and although an answer is on file the court can look only to the face of the complaint (*Hibernia S. & L. Soc. v. Thornton,* 117 Cal. 481 [49 P. 573].) That being so, the court's order granting the motion was the same as if a formal demurrer had been sustained without leave to amend. ■ Such an order of course is not itself appealable, but must be followed by the entry of a judgment. Appeals are continually being dismissed from orders sustaining demurrers without the entry of judgment thereon. *No judgment was ever entered in this action.*

On the day the nonsuit was granted as to the first and fourth counts a minute order was entered which recited all the proceedings including the following: "Thereupon counsel for the defendant moves the court for a judgment on the pleadings, as to the second and third causes of action in plaintiff's complaint herein, upon the grounds of failure to state facts sufficient to constitute causes of action, in that the allegations affirmatively show a lack of privity of contract between defendants and plaintiffs Eula Budrow and Frenell Johnson.

"Said motion is argued to the court by counsel and submitted to the court for consideration and decision and the court having fully considered the same and being duly advised in the premises, orders that said motion be and the same is hereby granted, and the court dismisses the said second and third causes of action as set forth in plaintiff's complaint." Nothing more was said on that point.

■ Although no judgment was entered, none was required *as far as the nonsuit was concerned,* by reason of the special provisions of section 581 et seq., Code of Civil Procedure. It has been repeatedly held that when a motion for

nonsuit is granted the minute entry thereof is sufficient for all purposes and is treated the same as a final judgment and therefore appealable. (See 2 Cal.Jur. pp. 402-403; see, also, *Gwinn* v. *Ryan*, 33 Cal.2d 436 [202 P.2d 51] and *Costa* v. *Regents of University of Calif.*, 103 Cal.App.2d 491 [229 P.2d 867].)

A notice of intention to move for a new trial was filed on behalf of all three plaintiffs, and when a new trial was denied there was a notice of appeal, likewise on behalf of all three, "from the judgment made herein in favor of defendants . . . and against the said plaintiffs . . . and from the whole and each and every part of said judgment." It was filed on March 23, 1951, which was 66 days after the minute order of January 16 (see rule 2(a), Rules on Appeal.) It was timely as far as the first and fourth counts were concerned, since on the nonsuit there existed a right to move for a new trial and under rule 3(a) on appeal an appellant's time is tolled pending a ruling on new trial. Respondents contend, however, that new trial proceedings were unauthorized after the motion for judgment on the pleadings was granted, since that was not "a re-examination of an issue of fact" (Code Civ. Proc., § 656; *Abbey Land Etc. Co.* v. *San Mateo County*, 167 Cal. 434 [139 P. 1068, Ann.Cas. 1915C 804, 52 L.R.A.N.S. 408]; *Reeves* v. *Reeves*, 34 Cal.2d 355, 358, 359 [209 P.2d 937]). The authorities so hold. Based on these premises respondents contend that the appeals of plaintiffs Eula Budrow and Frenell Johnson were six days late, assuming that the time to appeal ran from January 16.* For these reasons they move for a dismissal of their appeals.

---

*Respondents erroneously make that assumption and argue that the minute order "was a final judgment as to the plaintiffs Eula Budrow and Frenell Johnson" citing *Southern Pac. Co.* v. *Willett*, 216 Cal. 387, 390 [14 P.2d 526]. In that case, however, the action was dismissed in the trial court under section 583, Code of Civil Procedure, "for failure to prosecute with reasonable diligence and for failure to bring the case to trial within the time prescribed by the statute" and such a dismissal was clearly within the purview of the "special provisions" of sections 581 et seq. The present case is not in that category.

Nor is the instant case within the purview of such "special provisions" under section 581 which reads: "An action may be dismissed in the following cases: . . . 3. By the court . . . when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend within the time allowed by the court, and the defendant moves for such dismissal . . ." What was done here simply does not come within that provision.

We agree that their appeals have to be dismissed, but for a different reason. That reason is that no judgment was entered in this case after the demurrers to their second and third counts were sustained. The case of *Wood, Curtis & Co.* v. *Missouri Pac. Ry. Co.*, 152 Cal. 344 [92 P. 868] is directly in point. At 2 California Jurisprudence, pages 402-403, in discussing dismissals under Code of Civil Procedure, section 581 et seq., including nonsuits, where, as already appears, minute orders are treated for purposes of appeal the same as final judgments, it is said: "This rule does not, however, apply to a judgment on a demurrer, though the judgment declares that the action be dismissed, for whether a judgment on demurrer declares that the plaintiff take nothing, or that the action abate, or that the action be dismissed, it is a final judgment on the pleadings of the relative rights of the parties so far as the particular action is concerned, and, therefore, no appeal lies from such a judgment until. it is entered in the judgment-book." (Citing *Wood, Curtis & Co.* v. *Missouri Pac. Ry. Co.*, *supra.*) The opinion in that case discusses at length the reasons why sections 581 et seq., do not apply to or embrace a court's action on the sustaining of a demurrer without leave to amend, and it repeatedly speaks of those sections as "special provisions" and makes it clear that they are exceptional.

The appeals on behalf of plaintiffs Eula Budrow and Frenell Johnson are dismissed on the court's own motion (see *Collins* v. *Corse*, 8 Cal.2d 123 [64 P.2d 137]) because no judgment was ever entered in this action.

The order granting defendants' motion for nonsuit is affirmed.

Dooling, J., and Jones, J. pro tem., concurred.