RATTIGAN, J.
 

 This is an action by an employer under section 3852 of the Labor Code, to recover the amount of workmen’s compensation benefits paid to an employee who was injured in the course of employment by the alleged negligence of the defendants. The question squarely addressed by the appeal is whether the applicable period of limitations for commencement of the action is one year (Code Civ. Proc., § 340, subd. 3) or three years
 
 (id.,
 
 § 338, subd. 1).
 

 We have been compelled to conclude that we cannot reach the merits of the appeal, because the order appealed from— which purportedly terminated the action in favor of defendants upon the ground that it had been commenced too late— is either nonappealable or void. This result is the consequence of the method employed to raise the statute of limitations in challenging plaintiff’s complaint in the trial court. Since the problems mentioned are not uncomplicated and have not been raised by any party to the appeal, we recite and resolve them in detail.
 

 The complaint sets forth a single cause of action against the defendants. According to its allegations, plaintiff’s employee was injured in an automobile accident on June 17, 1960. The action was commenced on October 15, 1962, more than two years later. Defendant Evelyn Love answered the complaint on March 12, 1963, pleading as an affirmative
 
 *364
 
 defense that the action had not been commenced within one year. (Code Civ. Proc., § 340, subd. 1.) Thereafter, she made the motion which produced the order appealed from.
 

 Her notice of the motion was entitled “Notice of Motion to Dismiss or in the Alternative, a Motion to Strike, or a Judg-' ment on the Pleadings.” The notice stated that, at a date and time specified, she would “. . . move the Court as follows: For dismissal of the complaint on file herein, or in the alternative, that the complaint be stricken, or for a judgment on the pleadings ... on the ground that at the filing of the plaintiff's complaint on October 15, 1962, that
 
 [sic]
 
 the statute of limitations had run inasmuch as the accident in question occurred on June 17,1960. ’ ’
 

 After the motion was made and submitted, the trial court acted upon it by a minute order entered on November 10,1964. The order’s caption read “Motion of defendants Evelyn Love, Ronald E Love and Edward G Love for order to dismiss Complaint or in the alternative, to strike Complaint or for Judgment on the Pleadings (submitted Nov 5, 1964).”
 
 [1]
 
 The operative portion of the order stated only “Motion granted. Attorney order.”
 
 [2]
 
 No further order, formal or otherwise, was entered; the trial court signed no order; and no judgment was entered. Plaintiff appeals from the November 10 minute order.
 

 By reason of the triple-barreled motion and the nonspecific order granting it, the order may be treated under three alternative options as either (1) an order granting a motion to dismiss the complaint, or (2 )an order granting a motion to strike it, or (3) an order granting a motion for judgment on the pleadings. Adjusting the sequence slightly, we consider these alternatives.
 

 (1) If the November 10 minute order is treated as
 
 *365
 
 an order granting a motion to dismiss the complaint, it is not appealable. As amended in 1963, section 581d of the Code of Civil Procedure provides in relevant part that
 
 “All
 
 dismissals ordered by the court shall be in the form of a written order
 
 signed by the court
 
 and filed in the action . . . and such orders when so filed
 
 shall constitute judgments and be effective for all purposes,
 
 ...” (Italics added.) Under the quoted language, only a signed order of dismissal may be appealed: an unsigned minute order granting a motion to dismiss a complaint is nonappealable.
 
 (Palazzi
 
 v.
 
 Air Cargo Terminals, Inc.
 
 (1966) 244 Cal.App.2d 190, 192 [52 Cal.Rptr. 817];
 
 Milton Meyer & Co.
 
 v.
 
 Curro
 
 (1966) 239 Cal.App.2d 480, 482-483 [48 Cal.Rptr. 812]; Code Civ. Proc., § 963; Witkin, Cal. Procedure (1965 Supp.) Appeal, § 17, p. 834; id., § 119, p. 897.)
 

 (2) The November 10 minute order is not appealable if treated as an order granting a motion for judgment on the pleadings. Only a formal judgment entered pursuant to such an order may be appealed.
 
 (Old Town Dev. Corp.
 
 v.
 
 Urban Renewal Agency of the City of Monterey
 
 (1967) 249 Cal.App.2d 313, 316-317 [57 Cal.Rptr. 426];
 
 Stevens
 
 v.
 
 Key Resistor Corp.
 
 (1960) 186 Cal.App.2d 325, 326 [8 Cal.Rptr. 908] [order denying motion] ;
 
 Budrow
 
 v.
 
 Wheatcraft
 
 (1953) 115 Cal.App.2d 517, 522 [252 P.2d 637]; Code Civ. Proc., § 963.)
 

 Treated under either of the first two options enumerated above, the November 10 minute order is nonappealable because no final judgment (Code Civ. Proc., § 963, subd. 1) was entered afterward. The appeal from it is therefore premature and, if the order is so treated, must be dismissed.
 
 (Milton Meyer & Co.
 
 v.
 
 Curro, supra,
 
 239 Cal.App.2d 480 at p. 487;
 
 Old Town Dev. Corp.
 
 v.
 
 Urban Renewal Agency of the City of Monterey, supra,
 
 249 Cal.App.2d 313 at pp. 317, 336-337;
 
 Budrow
 
 v.
 
 Wheatcraft, supra,
 
 115 Cal.App.2d 517 at p. 524.) This court is without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.
 
 (Efrom
 
 v.
 
 Kalmanovitz
 
 (1960) 185 Cal.App.2d 149, 152 [8 Cal.Rptr. 107];
 
 Budrow
 
 v.
 
 Wheatcraft, supra,
 
 115 Cal.App.2d 517 at p. 524;
 
 Collins
 
 v.
 
 Corse
 
 (1936) 8 Cal.2d 123, 124 [64P.2d 137].)
 

 (3) If we treat the November 10 minute order under the third option, we reach a somewhat different result, but not
 
 *366
 
 one wMeh permits us to consider the appeal on its merits.
 
 [3]
 
 An order granting a motion to strike the complaint would operate to remove from the ease the only cause of action alleged against the defendants, and to leave no issues to be determined between the opposing parties. Treated as such, the order before us is appealable within the meaning of subdivision 1 of section 963 of the Code of Civil Procedure.
 
 (Wilson
 
 v.
 
 Sharp
 
 (1954) 42 Cal.2d 675, 677 [268 P.2d 1062] ;
 
 American Can Co.
 
 v.
 
 City & County of San Francisco
 
 (1962) 202 Cal.App.2d 520, 522 [21 Cal.Rptr. 33].)
 

 Despite its appealability, however, the validity of the order comes into question, because the motion which it granted was made after the moving parties had answered. A motion to strike a complaint is permitted under section 435 of the Code of Civil Procedure,
 
 [4]
 
 which provides in relevant part that “The defendant,
 
 within the time required in the summons to answer, . . .
 
 may serve and file a notice of motion to strike the whole or any part of the complaint. ... If defendant serves and files such a notice of motion without demur
 
 *367
 
 ring,
 
 his time to answer the complaint shall he extended.
 
 ...” (Italics added.)
 

 From the statutory language quoted, it expressly appears that a defendant can move to strike a complaint only before he has answered it and not afterward.
 
 (Stafford
 
 v.
 
 Ware
 
 (1960) 187 Cal.App.2d 238, 239 [9 Cal.Rptr. 713] ;
 
 Lincoln
 
 v.
 
 Didak
 
 (1958) 162 Cal.App.2d 625, 630-631 [328 P.2d 498]; Cal. Rules of Court, rule 203, (c); Witkin, Cal. Procedure (1965 Supp.) Pleading, § 511, p. 503; Comment (1956) 3 U.C.L.A. L.Rev. 72, 73, 77; Note (1955) 43 Cal.L.Rev. 695, 699-700; Report, State Bar Committee on Administration of Justice (1954) 29 State Bar J. 224, 228-229). It follows that the motion in the present ease did not lie as a motion to strike, and that the November 10 minute order, insofar as it purported to grant the motion so treated, is void.
 

 Thus, if we treat the order appealed from as one granting either a motion to dismiss the complaint or for judgment on the pleadings, we should dismiss the appeal as one taken from a nonappealable order. On the other hand, we have seen that, if we treat it as an order granting a motion to strike the complaint, it is appealable; and this is so even if it is void.
 
 (Phelan
 
 v.
 
 Superior Court
 
 (1950) 35 Cal.2d 363, 366-370 [217 P.2d 951] ;
 
 Avery
 
 v.
 
 Associated Seed Growers, Inc.
 
 (1963) 211 Cal.App.2d 613, 630 [27 Cal.Rptr. 625].)
 

 That a void order is appealable does not permit us to consider the appeal on its merits and to affirm the order if we were so disposed, because our affirmance would impart it no validity and would be similarly void.
 
 (Hager
 
 v.
 
 Hager
 
 (1962) 199 Cal.App.2d 259, 261 [18 Cal.Rptr. 695];
 
 Pioneer Land Co.
 
 v.
 
 Maddux
 
 (1895) 109 Cal. 633, 642 [42 P. 295, 50 Am.St.Rep. 67].) One of the cases mentioned
 
 (Pioneer Land Co.
 
 v.
 
 Maddux,
 
 supra) has been cited for the further proposition that the dismissal of an appeal from a void order imparts it no validity, either.
 
 (Sullivan
 
 v.
 
 Gage
 
 (1905) 145 Cal. 759, 770-771 [79 P. 537], See also
 
 Estate of Stanford
 
 (1957) 49 Cal.2d 120, 160-161 [315 P.2d 681] [dissenting opinion];
 
 Morgan
 
 v.
 
 Clapp
 
 (1929) 207 Cal. 221, 226 [277 P 490] ; 3 Witkin, Cal. Procedure (1954) Appeal, § 158, p. 2344.) However, under the current rule on an appeal from a void but appealable order, the “proper procedure” is to reverse the order.
 
 (Avery
 
 v.
 
 Associated Seed Growers, Inc., supra,
 
 211 Cal.App.2d 613 at p. 630;
 
 Estate of Hewitt
 
 (1958) 160 Cal.App.2d 584, 587-588 [325 P.2d 113];
 
 Petroleum Midway Co.
 
 v.
 
 Zahn
 
 (1944) 62 Cal.App.2d
 
 *368
 
 645, 652 [145 P.2d 371]; Witkin, Cal. Procedure (1965 Supp.) Appeal, § 32, p. 846.)
 

 To accomplish, this result, we hold that the order appealed from is neither an order granting a motion to dismiss the complaint nor an order granting a motion for judgment on the pleadings; that defendants’ original motion in either such respect, or in both, is still pending in the trial court; and that we make no decision concerning the action to be taken by the trial court in the event that either party applies to it for a formal order granting or denying the motion. We further hold that the order appealed from is an order granting a motion to strike the complaint in the action; that, as such, it is void for the reason that the motion for such order was made by defendants after they had answered in the action; and that no motion for such order is pending in the trial court, and none lies in the action hereafter.
 

 We reiterate that we have not considered, and we do not dispose of, the appeal on its merits, which plaintiff may pursue if it is disposed to seek an appealable order or judgment upon defendants’ pending motion in the trial court.
 

 The order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
 

 Devine, P. J., and Christian, J., concurred.
 

 [1]
 

 The original record on appeal did not clearly show that the defendants Ronald E. Love and Edward G. Love had joined in the motion, which was originally made by defendant Evelyn Love alone. We therefore ordered the record augmented to include the superior court file in the action. According to a hand-printed notation on the notice of motion, Ronald and Edward joined in the motion after it had been noticed. This presumably occurred when the motion was argued. It was, in any event, submitted as a motion by all three named defendants as moving parties. As augmented, the record also shows that by stipulation filed April 10, 1963, the answer of Evelyn filed on the preceding March 12 was deemed to be the answer of Ronald and Edward.
 

 [2]
 

 The cryptic words “Attorney order” apparently meant that counsel was to prepare a formal judgment or order consistent with the granting of the motion. (See Cal. Rules of Court, rule 2(b) ;
 
 id.,
 
 rule 232.) No one complied.
 

 [3]
 

 We have examined every conceivable alternative under which we might treat the minute order appealed from so as to permit consideration of the appeal on its merits. None avails plaintiff. For example, we cannot treat defendants ’ motion as one for summary judgment, because it was not supported by affidavit as required by the controlling statute (Code Civ. Proc., § 437c) : and, if we could so treat it, the order granting it would also be nonappealable as such.
 
 (Saunders
 
 v.
 
 New Capital for Small Businesses, Inc.
 
 (1964) 231 Cal.App.2d 324, 326 [41 Cal.Rptr. 703].) An appeal has been saved where the appellate court found it possible to amend an appealable judgment to include a judgment upon an otherwise nonappealable order, but this has occurred in eases which must be distinguished because the amendable judgment was on a separate and severable cause of action. (E.g.,
 
 Palazzi
 
 v.
 
 Air Cargo Terminals, Inc., supra,
 
 244 Cal.App.2d 190 at pp. 192-193, 196;
 
 Shepardson
 
 v.
 
 McLellan
 
 (1963) 59 Cal.2d 83, 89 [27 Cal.Rptr. 884, 378 P.2d 108].) The curative provisions of subdivision (c) of rule 2, California Rules of Court, cannot be invoked here because they will save a premature appeal only where an appealable order was in fact entered after the order appealed from.
 

 [4]
 

 The only other statutory provision permitting a complaint to be challenged by motion to strike is section 453 of the Code of Civil Procedure. A motion under section 453, if addressed to a complaint as distinguished from an answer, reaches only "irrelevant and redundant matter” contained in it. The use of a motion to strike has also been approved to dispose of a "sham” complaint.
 
 (Neal
 
 v.
 
 Bank of America
 
 (1949) 93 Cal.App.2d 678, 681-683 [209 P.2d 825].) But the present motion attempted to challenge the complaint by invoking the statute of limitations, which is not an attack upon "irrelevant and redundant matter” nor upon a "sham” complaint. (Comment (1956) 3 U.C.L.A. L.Rev. 72.) We therefore conclude that, insofar as the motion was to strike the complaint, the only statute controlling it was section 435 of the Code of Civil Procedure.