Filed 11/7/14  Obiekea v. Kim CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| IFEANYI C. OBIEKEA,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>YOUNG CHUL KIM,<br><br>        Defendant and Respondent. | B250723<br><br>(Los Angeles County<br>Super. Ct. No. BC412904) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Malcolm Mackey, Judge.  Affirmed.

Ifeanyi C. Obiekea, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Ifeanyi Obiekea brought a wrongful foreclosure action against several defendants. The trial court struck the complaint as to defendant Asset Foreclosure Services (AFS). Plaintiff did not timely appeal that order. Next, the trial court conducted a prove-up hearing as to defaulting defendant Young Chul Kim: it found that plaintiff failed to prove his case and entered judgment for Kim. We affirm the judgment.

## ALLEGATIONS[1]

Plaintiff Obiekea owned real property in Los Angeles, which he purchased in 2000 for $265,000. He assumed an existing note secured by a first trust deed on the property. In March 2008, the note was sold to defendant Young Chul Kim. At the time, plaintiff was admittedly in default on his mortgage payments. Plaintiff claims to have cured the default in June 2008, by paying Kim $33,252.19.

In August 2008, Kim paid delinquent property taxes due on the property, without notifying plaintiff or making a demand for payment of the taxes, or for monthly payments on the note, or for any other payments that may have been due. In September 2008, AFS, as the trustee on the deed of trust, recorded a notice of default and election to sell, which was sent to plaintiff by certified mail. On December 22, 2008, AFS recorded a notice of trustee's sale. Plaintiff alleges that he was not sent a copy of the notice. The property was sold at a foreclosure sale on March 23, 2009, for $305,000.

## PROCEDURAL HISTORY

Plaintiff filed suit against those involved in the foreclosure, including Kim and AFS, asserting claims for wrongful foreclosure; to set aside the trustee's sale; to quiet title; and for declaratory relief. A default was taken against Kim in 2011, when he failed to answer the second amended complaint.

AFS moved to strike the complaint, claiming that it is exempt from suit under an unobjected-to 2009 declaration of nonmonetary status. Over plaintiff's opposition, the trial court struck the pleading as to AFS on March 13, 2012; AFS promptly served notice

---

[1] Plaintiff did not include any pleadings in the record on appeal, but AFS provided the second amended complaint in an augmentation.

2

of the ruling on plaintiff's counsel. Plaintiff did not appeal after the court struck his complaint and ended his suit against AFS.

The trial court conducted a prove-up hearing against defendant Kim. On June 13, 2013, the trial court entered judgment for Kim. This appeal was filed by plaintiff, in propria persona, on August 13, 2013.

## DISCUSSION

Appeal is taken from the judgment entered in favor of defendant Young Chul Kim. (Code Civ. Proc., § 904.1, subd. (a)(1).) Plaintiff served his notice of appeal and briefs on AFS, and AFS responded. However, AFS is not a party to this appeal: after the trial court struck the complaint against AFS in March 2012, plaintiff did not pursue a timely appeal. (See *Wilson v. Sharp* (1954) 42 Cal.2d 675, 677 [an order striking the complaint against a defendant is an appealable final judgment as to that defendant]. Accord: *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 370.) We have no jurisdiction to review or overturn the judgment in favor of AFS. The only proper respondent in this appeal is defendant Kim, who has not appeared in this lawsuit.

Further confusing matters, plaintiff's opening brief poses the question of whether his complaint can "survive a demurrer." There is no demurrer at issue here, at least not one that we can see. There is no document entitled "demurrer" in the record, nor is there an opposition to a demurrer, nor is there a ruling on a demurrer. The judgment that is the subject of this appeal does not arise from a demurrer: the trial court's minute order for June 13, 2013, is titled "Default Prove-up Hearing."

Plaintiff's argument regarding appellate review of a ruling on demurrer is irrelevant and inapposite with respect to AFS. Absent a timely appeal from the 2012 judgment in favor of AFS, we cannot hear plaintiff's claims that AFS was not the trustee, or caused an illegal, fraudulent or oppressive sale of his property. Because there is no ruling on demurrer to review, there is no reason to grant leave to amend the complaint, which plaintiff requests in his brief.

Plaintiff provided this court with six pages of reporter's transcript from the June 13, 2013 hearing. In the transcript, the trial court referenced 10 hearings it had

already conducted in plaintiff's case against defendant Kim. Plaintiff does not say a word in his brief about what happened at these hearings, and did not provide us with transcripts from any of them. During the June 13 hearing, the court told plaintiff, "You have to prove your case against Mr. Kim," adding, "You haven't done that, sir."

It is an appellant's burden to provide an adequate record to demonstrate error and failure to do so results in affirmance of the trial court's determination. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200-1201.) Lacking plaintiff's testimony at the prove-up hearing, and lacking any argument challenging the trial court's ruling that plaintiff failed to prove his case, we must uphold the trial court's judgment.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

BOREN, P.J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

4