Filed 6/20/23  P. v. Munguia CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL HUMBERTO MUNGUIA,<br><br>    Defendant and Appellant. | B322556<br><br>(Los Angeles County Super. Ct. No. KA090669) |

THE COURT:

Defendant and appellant Michael Humberto Munguia appeals from the trial court's July 12, 2022, order summarily denying his motion for resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).  Because the order is nonappealable, we dismiss defendant's appeal.

## BACKGROUND

In 2010, a jury found defendant guilty of two counts of criminal threats (Pen. Code, § 422)[1] and two counts of assault with a firearm (§ 245, subd. (a)(2)).  The jury also found true various sentencing enhancement allegations.  Following a bench trial, the trial court found that defendant had suffered two prior convictions within the meaning of section 667.5, subdivision (b).  The court sentenced defendant to a total term of 30 years four months in state prison, which included two one-year section 667.5, subdivision (b) enhancements.

On direct appeal, we remanded the matter with directions that the trial court strike certain sentence enhancements other than those associated with section 667.5, subdivision (b).  (*People v. Munguia* (Apr. 16, 2013, B232339) [nonpub. opn.], pp. 13–14.)  We otherwise affirmed the judgment.  (*Id.* at p. 14.)  On remand, the court resentenced defendant to a prison term of 20 years four months.

In July 2022, defendant filed a motion to strike the section 667.5, subdivision (b) enhancements pursuant to newly enacted Senate Bill 483.  On July 12, 2022, the trial court summarily denied the motion on the ground that defendant lacked "'standing'" to bring it.  Defendant filed a notice of appeal.

Counsel was appointed to represent defendant in connection with this appeal.  After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  On April 17, 2023, we notified defendant that he had 30 days within which to personally submit

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. We also informed defendant that his appeal could be dismissed if a supplemental brief or letter was not timely filed. To date, defendant has not filed a supplemental brief or letter.

## DISCUSSION

When defendant was sentenced, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).) Effective January 1, 2022, Senate Bill 483 added former section 1171.1, now section 1172.75,[2] which renders "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense . . . ." (§ 1172.75, subd. (a).)

Section 1172.75 also "establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*Burgess, supra*, 86 Cal.App.5th at p. 380.) It directs the Secretary of the California Department of Corrections and Rehabilitation and the correctional administrator of each county to identify affected defendants and provide their information to the sentencing court. (§ 1172.75, subd. (b).) The

---

[2] Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive changes. (Stats. 2022, ch. 58, § 12; *Burgess, supra*, 86 Cal.App.5th at p. 378, fn. 2.) For simplicity, we refer to the section by its new numbering.

3

sentencing court must then conduct a review and resentence the defendant if appropriate. (§ 1172.75, subd. (c).)

Section 1172.75 does not provide "resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384.) Here, defendant nevertheless filed a motion challenging his sentence under section 1172.75 years after the judgment was final and he had begun serving his sentence. "[A] freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. [Citation.]" (*People v. King* (2022) 77 Cal.App.5th 629, 640 (*King*).) Without an "ongoing action" (*ibid.*), the trial court lacked jurisdiction to adjudicate defendant's motion. (*Burgess*, *supra*, at p. 382; see also *King*, *supra*, at p. 634 ["The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence[]'"].) And, because the trial court lacked jurisdiction, its order denying defendant's motion is nonappealable. (*Burgess*, *supra*, at pp. 381–382; *King*, *supra*, at p. 634.)

We, in turn, lack jurisdiction to consider an appeal from an nonappealable order and must dismiss the appeal. (*Burgess*, *supra*, 86 Cal.App.5th at pp. 381–382; *King*, *supra*, 77 Cal.App.5th at p. 634; see also *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366, 369 [an appellate "court is without jurisdiction to consider an appeal from a nonappealable order,

and has the duty to dismiss such an appeal upon its own motion"].)[3]

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
ASHMANN-GERST, Acting P. J.   CHAVEZ, J.    HOFFSTADT, J.

---

[3]     Even if we had jurisdiction to entertain this appeal, we would dismiss it as abandoned based on defendant's failure to file a supplemental brief or letter.  (See *Delgadillo, supra,* 14 Cal.5th at pp. 222, 231–232; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503–504.)