Filed 1/14/26  P. v. Mendez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H053441 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. 118369, 130938) |
| v. | |
| GUILLERMO ENRIQUE MENDEZ, | |
| Defendant and Appellant. | |

Defendant Guillermo Enrique Mendez appeals from an order denying his petition for resentencing pursuant to Assembly Bill No. 2483 (2023-2024 Reg. Sess.) (Assembly Bill 2483) and Penal Code section 1171.[1]  Appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Mendez filed a supplemental brief.  We conclude the supplemental brief fails to raise an arguable issue on appeal and therefore, we affirm the order.

## I.    PROCEDURAL BACKGROUND

In December 1987, Mendez pled guilty in case number 118369 to one count of second degree robbery (§ 211, former § 212.5, subd. (b)).  Pursuant to the stipulated plea agreement, the trial court sentenced Mendez to a two-year prison term for second degree robbery.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

In August 1989, Mendez pled guilty in case number 130938 to five counts of arson of an inhabited structure (§ 451, subd. (b)), one count of arson of a structure or forest land (§ 451, subd. (c)), and three counts of arson of property (§ 451, subd. (d)). Mendez also admitted a prior prison term enhancement (§ 667.5, subd. (b)). The trial court imposed an aggregate determinate term of 11 years in prison consisting of: eight years for arson of an inhabited structure, consecutive to one year and four months for arson of a structure or forest land and eight months for one count of arson of property, plus one year for the prior prison term enhancement; the remaining terms were imposed concurrently.

In October 2000, Mendez pled guilty in San Joaquin County to two counts of first degree residential robbery (§ 211), five counts of false imprisonment by violence (§ 236), two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), one count of receiving stolen property (§ 496, subd. (a)), and one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). He also admitted seven enhancements for personal use of a firearm (§§ 12022.53, subd. (b), 12022.5), two prior conviction enhancements (§ 667, subd. (a)), and two strikes (§§ 667, subds. (b)-(i), 1170.12). The trial court sentenced Mendez to an aggregate determinate term of 68 years in prison.

In January 2025, Mendez submitted a pre-printed form requesting recall of his sentence and resentencing pursuant to Assembly Bill 2483 and section 1171.[2] Acting pro se, Mendez checked every listed box for statutory relief in the form[3] and indicated he was

_____

[2] Effective January 1, 2025, Assembly Bill No. 2483 enacted section 1171, which sets forth various procedures that apply to all postconviction proceedings and gives the trial court jurisdiction to modify every aspect of a defendant's sentence or conviction pursuant to an ameliorative statute. (§ 1171, subds. (a), (c); Stats. 2024, ch. 964, § 2.)

[3] One of the boxes Mendez checked was for relief pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600), which, effective January 1, 2024, amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when "applicable sentencing laws at the time of original

eligible for resentencing relief because he had been rehabilitated. He requested that the trial court recall his sentence and dismiss his two strike convictions based on ameliorative changes to the law that occurred after he was sentenced. In a written order, the trial court summarily denied the resentencing petition on the ground that Mendez did not "explain the specific bases for alleging entitlement to relief" and failed to "provide any supporting documentation."[4]

On appeal, counsel filed an opening brief pursuant to *Delgadillo*, *supra*, 14 Cal.5th at pages 231-232. We notified Mendez that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Mendez filed a timely supplemental brief.

## II. DISCUSSION

### A. *Appealability of the Trial Court's Order*

Preliminarily, we address whether the trial court's denial of Mendez's petition for resentencing is an appealable order. We raise this issue on our own initiative because "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion. [Citations.]' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307, quoting *Adohr Milk Farms, Inc. v. Love* (1967) 255 Cal.App.2d 366.) We conclude that we have jurisdiction to consider Mendez's appeal from the trial court's order denying his request for resentencing.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute. [Citations.]" (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Under section 1237, subdivision (b), a criminal defendant may appeal from "any order made after judgment,

---

sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); Stats. 2023, ch. 446, § 2.)

[4] The trial court appears to have treated Mendez's resentencing motion as a petition for writ of habeas corpus.

affecting the substantial rights of the party." "[A] postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted.)

California Rules of Court, rule 8.100(a)(2) provides: "The notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed." Our Supreme Court has explained that "[r]ule 8.100(a)(2)'s liberal construction requirement reflects the long-standing " ' "law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' [Citations.]" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882.) "The rule is intended to 'implement the strong public policy favoring the hearing of appeals on the merits.' [Citations.]" (*Ibid.*)

In this case, the trial court's denial of Mendez's petition for resentencing is an appealable order. Mendez filed a petition for resentencing pursuant to section 1171 and the trial court broadly denied "[a]ll requested relief" on the ground that Mendez failed to state "sufficient facts justifying the relief" he sought. First, while the trial court's order denying Mendez's petition for resentencing under certain statutory sections would not be appealable (see e.g., § 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section"]), Mendez also sought relief under Penal Code sections that may be validly challenged on direct appeal (see e.g., § 1172.6, subd. (a)) and the trial court denied the petition without noting a specific statutory basis. Next, the trial court denied the motion based on substantive legal grounds rather than on procedural grounds. (See *In re Lauren P.* (1996) 44 Cal.App.4th 763, 768 (*Lauren P.*) [the question of appealability requires a determination of whether the decision "was on the merits"].) The trial court considered the merits of the resentencing petition and

4

denied relief on the ground that Mendez failed to state "sufficient facts justifying the relief" he sought.  Finally, although the trial court characterized Mendez's resentencing motion as a petition for writ of habeas corpus, which is not appealable (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 986), we are not bound by that determination.  (See *Lauren P.*, *supra*, 44 Cal.App.4th at p. 768 [a trial court's "characterization of its own order . . . is not controlling"].)  Instead, consistent with our obligation to broadly construe the basis for appeal, we treat this matter as an appeal from an order on a motion for resentencing.

In sum, the order denying Mendez's petition for resentencing is appealable because Mendez sought relief under sections that can be challenged on direct appeal and the trial court's ruling was on the merits.  Accordingly, we have jurisdiction to consider Mendez's appeal from the denial of his petition for resentencing.  Thus, we turn to the merits of the appeal.

**B.  *Delgadillo Issue***

In his one-page supplemental brief, Mendez contends he is eligible for resentencing relief under Assembly Bill 2483 and Assembly Bill No. 600.  Mendez claims his two prior strike convictions are invalid and must be stricken in light of ameliorative changes in the law that occurred after he was sentenced.

We review a defendant's supplemental brief filed under *Delgadillo* to determine whether they have raised an arguable issue on appeal.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment.  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Having reviewed Mendez's supplemental brief, we conclude he does not raise an arguable issue on appeal.  Mendez renews his claim that he is entitled to resentencing relief but does not provide any explanation as to why the trial court erred in denying his petition for resentencing.  (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573

5

["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].)  While this court is required to evaluate the specific arguments that Mendez presented in his supplemental brief, we are not required to independently review the record to identify unraised issues.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  Given that Mendez failed to address the trial court's ruling, we conclude Mendez does not have a reasonable potential for success on appeal.  Accordingly, we affirm the trial court's order.

### III.  DISPOSITION

The order denying Mendez's resentencing petition is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Danner, J.




_____
Bromberg, J.




H053441 People v. Mendez